UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

SHAWNDREKO EUGENE CARTER,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

Case No. 1:25-cv-8020-CLM
(1:19-cr-237-CLM-SGC)

## MEMORANDUM OPINION

    Shawndreko Eugene Carter moves to vacate, set aside, or otherwise correct his sentence under 28 U.S.C. § 2255. (Doc. 1). After reviewing Carter's motion under Rule 4 of the Rules Governing § 2255 Proceedings, the court finds that Carter's motion is untimely and alternatively without merit. So the court **WILL DENY** Carter's motion (doc. 1) and **DISMISS** this case.

### BACKGROUND

    1. *Carter's conviction*: On November 25, 2019, Carter pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Doc. 33 in Case No. 1:19-cr-237). On September 16, 2020, the court sentenced Carter to the statutorily mandated minimum sentence of 180 months' imprisonment. (*See* Doc. 60 in Case No. 1:19-cr-237).

    2. *2255 motion*: Carter didn't appeal his conviction or sentence. But on August 4, 2025, Carter moved for the court to vacate his conviction under 28 U.S.C. § 2255. (Doc. 1). In his motion, Carter contends that the court should vacate his sentence because the Supreme Court's decision in *N.Y. State Rifle & Pistol Assoc., Inc. v. Bruen*, 597 U.S. 1 (2022), establishes that convictions for felon in possession of a firearm under 18 U.S.C. § 922(g) violate the Second Amendment.

## DISCUSSION

There is a one-year statute of limitations for § 2255 motions. *See* 28 U.S.C. § 2255(f). The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.*

The court entered Carter's judgment of conviction on September 16, 2020, and he didn't appeal. So Carter's conviction became final on September 30, 2020, which was 14 days after the court entered judgment. *See Murphy v. United States*, 634 F.3d 1303, 1307 (11th Cir. 2011); Fed. R. App. P. 4(b)(1)(A). As a result, Carter's August 4, 2025, § 2255 motion was filed more than a year after his judgment of conviction became final. Thus, Carter's motion is untimely under 28 U.S.C. § 2255(f)(1).

Nor has Carter shown that his motion is timely under § 2255(f)(2), (f)(3), or (f)(4). Nothing in the record suggests that the Government impeded Carter from filing a § 2255 motion. And Carter has always known that his conviction was for violating § 922(g), which prohibits felons from possessing firearms. So the court finds that Carter's motion isn't timely under § 2255(f)(2) or (f)(4).

As for § 2255(f)(3), Carter asserts that *Bruen* is the first time that the Supreme Court recognized that § 922(g) convictions are unconstitutional. But neither the Supreme Court nor the Eleventh Circuit has held that *Bruen* applies retroactively. And *Bruen* was decided on June 23, 2022, well more than a year before Carter filed his § 2255 motion in August 2025. So Carter's motion is also untimely under 28 U.S.C. § 2255(f)(3), which applies to only newly recognized rights that have been made retroactive on collateral review.

Even if Carter's motion was timely, it would fail on the merits. The Eleventh Circuit has held that § 922(g)(1) doesn't violate the Second Amendment. *See United States v. Dubois*, 139 F.4th 887, 888–89 (11th Cir. 2025). As the circuit court has recently explained, neither *Bruen* nor the Supreme Court's more recent opinion in *United States v. Rahimi*, 602 U.S. 680 (2024), abrogated this precedent, so courts within this circuit cannot reconsider the constitutionality of § 922(g)(1) under the Second Amendment. *See id.* at 894. Thus, it "plainly appears from [Carter's] motion" that he is not entitled to relief, and the court finds it appropriate to deny Carter's motion and dismiss this case without requiring the Government to respond. *See* Rule 4, Rules Governing § 2255 Proceedings.

## CONCLUSION

For the reasons stated above, the court will **DENY** Carter's motion to vacate, set aside, or correct his sentence (doc. 1) and **DISMISS** this case.

Rule 11 of the Rules Governing § 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See* Rule 11, Rules Governing § 2255 Proceedings. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a "petitioner must demonstrate that a reasonable jurist would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).

The court finds that Carter's claims fail to satisfy either standard. So the court will not issue a certificate of appealability.

The court will enter a separate final order that carries out these findings and closes this case.

**Done** on December 9, 2025.

_____
**COREY L. MAZE**
UNITED STATES DISTRICT JUDGE